

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| EDDIE WASHINGTON,<br>    Plaintiff,<br><br>vs.<br><br>YORK COUNTY SHERIFF'S OFFICE and<br>SERGEANT NICHOLAS SCHIFFERLE, *as an*<br>*employee of York County Sheriff's Office*,<br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 0:21-00098-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY OR TO DISMISS
WITHOUT PREJUDICE**

Plaintiff Eddie Washington (Washington) sues remaining Defendants York County Sheriff's Office (YCSO), and YCSO employee Sergeant Nicholas Schifferle (Schifferle) (collectively, Defendants). In Washington's amended complaint, he asserts eleven causes of action that may be divided into three groups: (1) claims brought pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, (2) claims for violations of the South Carolina Constitution, and (3) state-law claims for civil conspiracy and conversion/claim and delivery. Washington asserts all claims against Schifferle, but only the conversion claim remains against YCSO.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02

for the District of South Carolina.  Washington also moves the Court to—in lieu of granting summary judgment—reopen the discovery deadline or, in the alternative, dismiss this action without prejudice.  Before discussing the Report, the Court will briefly consider that request.

Washington insists reopening the discovery deadline will "allow [him] to depose potential individuals with knowledge regarding the seizure of [his] money."  Motion at 2.  Defendants emphasize that discovery closed months ago and Washington failed to explain why he declined to pursue the depositions during the discovery period.  They also contend Washington has failed to offer any explanation why the depositions are necessary.

This Court agrees with Defendants.  First, this motion is untimely.  The deadline to file motions was January 15, 2022, but Washington neglected to file this motion until April 6, 2022.  Second, Washington provides no reason for the Court to conclude reopening discovery will provide useful information to this case.  *See* Local Civil Rule 6.01 ("Motions for extension of time for completion of discovery will be granted only in unusual cases and upon a showing that the parties have diligently pursued discovery during the originally specified period.  This showing requires a specification of . . . the depositions (including witness name) and other discovery that remain to be completed.").  Accordingly, the Court declines to reopen discovery in this case.

Nor will it grant Washington's alternative request to dismiss the action without prejudice.  Washington failed to make this request until he faced the Magistrate Judge's recommendation of granting summary judgment.  The parties have conducted discovery.  They have litigated the merits in this case.  And, they have invested considerable time and expense.

To dismiss without prejudice at this stage would cause substantial prejudice to Defendants and be fundamentally unfair.  *See* Fed. R. Civ. P. 41(a)(2) (If the opposing party has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order"

or stipulation of the parties.); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986) ("A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant."). Therefore, the Court will deny the motion. It now turns to the Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 23, 2022, and Washington objected on April 6, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This case arises out of a traffic stop after Schifferle witnessed Washington driving in the rain while using windshield wipers but no headlights. Eventually, members of the York County Multi-Jurisdictional Drug Enforcement Unit (MJDEU), conducted a search of the vehicle after a police K-9 alerted. The MJDEU officers located tens of thousands in U.S. currency in a recessed spare-tire area of the trunk of Washington's car.

The MJDEU officers seized the currency and transferred it to Homeland Security Investigations. Neither Schifferle, nor anyone from YCSO, searched Washington or his vehicle.

Nor did they ever have possession of the currency. They did not seize it—or any other property—from Washington. Schifferle issued Washington a ticket for failing to use headlights when required and released Washington. Washington thereafter pled guilty to the headlights charge.

First, Washington objects to the Magistrate Judge's assertion that he "offers no evidence or argument that the Police K-9 alert was somehow unreliable." Report at 12 n.5. He contends the fact that no drugs or contraband were found is evidence the K-9 alert was unreliable. Defendants respond that the Report is accurate.

In support of Washington's contention that the K-9 alert was insufficient to search the vehicle, he states "the erratic behavior of the canine coupled with studies showing that 92% of US Currency contains traces of cocaine" undermined the lawfulness of the search. Washington's Response at 8. Even if that constitutes an argument and evidence of reliability, the Magistrate Judge properly considered this information in determining whether probable cause existed.

Although K-9 alerts are certainly fallible, the law provides that an alert from a certified police K-9 provides probable cause. *See Florida v. Harris*, 568 U.S. 237, 246–47 (2013) ("If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search."). Washington's contention that the K-9 behaved erratically, without support, fails to undermine probable cause. Washington does not object to the Magistrate Judge's inference the K-9 was certified. The Court will thus overrule Washington's first objection.

Second, Washington objects to the Magistrate Judge's determination that there is no evidence that his detention was unlawful or that he was unlawfully detained to allow law enforcement officers to unlawfully seize his money. Washington insists his money was unlawfully seized because he was never charged with a crime related to the funds, nor even arrested. And, he

avouches, the search revealed no drugs or drug paraphernalia to indicate the money was connected with illegal activity. Again, Defendants argue the Magistrate Judge committed no error.

Washington's failure to timely respond to the requests to admit means that he has admitted that Schifferle had probable cause to detain him. *See* Report at 5 (Washington admits Schifferle "had probable cause to detain [Plaintiff] and charge [him] with Failure to Use Headlights When Required on July 16, 2020"); *see also* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection."). Washington fails to object to the Magistrate Judge's determination of this admission. He therefore cannot argue that his detention was unlawful, even if he had evidence the stop was pretextual.

Further, the Washington is unable to show the Magistrate Judge erred in stating Washington offered no evidence to show the money was unlawfully seized, as Washington failed to offer any evidence in support of his arguments at all. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record[.]"). The Court therefore will overrule Washington's second objection.

Most importantly, Defendants argue Washington's narrow objections, even if accepted, fail to demand a result contrary to the Magistrate Judge's recommendation. Washington fails to explain the materiality of his objections. For each cause of action, the Court considers Defendants' materiality argument below.

Defendants did not walk the K-9 around the vehicle, perform the search of Washington's car, or seize or possess any money or property from Washington. Thus, even if a constitutional violation occurred, Schifferle faces no liability under Section 1983. *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Washington fails to directly challenge this conclusion in his objections. Nor does Washington argue any form of indirect liability applies here. *See Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008) (Under the principle of party presentation, parties are generally "responsible for advancing the facts and arguments entitling them to relief.").

Washington's conversion cause of action similarly fails. *See Moore v. Weinberg*, 681 S.E.2d 875, 878 (S.C. 2009) (explaining a conversion claim requires the defendant "assum[ed] and exercise[d] . . . the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights.").

Likewise, Washington neglects to challenge the Magistrate Judge's determination that he lacks any evidence Schifferle entered into an agreement to seize the money unlawfully. *See Paradis v. Charleston Cnty. Sch. Dist.,* 861 S.E.2d 774, 780 (S.C. 2021) (setting out the elements of a civil conspiracy claim, which include an agreement of two or more persons). Washington's civil conspiracy claim thus fails in any event as well.

Finally, Washington fails to object to the Magistrate Judge's determination that South Carolina does not recognize a private right of action for monetary damages from constitutional violations. Summary judgment on these causes of action is thus also proper in any event.

The Court agrees with Defendants that neither of Washington's objections are material to the Magistrate Judge's recommendation of summary judgment. Accordingly, each of Washington's causes of action would fail even if the Court sustained his objections.

Nevertheless, after a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Washington's objections, adopts the Report to the

extent it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**; and Washington's motion to reopen discovery or dismiss without prejudice is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of June 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

.